UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 1:13-cv-03373-RM-KLM

LEHMAN BROTHERS HOLDINGS, INC.,

    Plaintiff,

v.

PMAC LENDING SERVICES, INC, f/k/a PREFERRED MORTGAGE ALLIANCE CORP.,

    Defendant.

## MOTION TO DISMISS

PMAC Lending Services, Inc. ("PMAC"), through its undersigned counsel, seeks dismissal of Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6). The statute of limitations bars Plaintiff's claims, thus dismissal with prejudice is warranted.

### INTRODUCTION

This case is a breach of contract action arising from a Loan Purchase Agreement ("Loan Agreement") between Plaintiff and PMAC. Plaintiff alleges it "purchased mortgage loans from PMAC pursuant to a series of written contracts in which PMAC represented and warranted certain facts relating to the quality of the loans and the loan underwriting." (Compl., Doc. 1 at ¶ 1). Plaintiff contends "PMAC breached provisions of the contracts because the loans were not as represented." (*Id.*). Plaintiff's allegations arise from two specific loans, one to Gervacio Cubenas and the other to Bernardino Labiano. (*Id.* at ¶ 18).

The Cubenas and Labiano Loans were sold under the Loan Agreement which incorporated certain terms and conditions set forth in a Seller's Guide. (*Id.* at ¶¶ 14-17). Plaintiff attached the Loan Agreement and Seller's Guide to its Complaint. (*See* Exs. 1 and 2 to Compl., Doc. 1). Plaintiff alleges it "discovered material problems with the [Cubenas and Labiano] Loans." (Compl., Doc. 1 at ¶ 25). Plaintiff references representations, warranties and covenants set forth in the Loan Agreement and Seller's Guide allegedly breached by PMAC with regard to the Cubenas and Labiano Loans. (*Id.* at ¶¶ 29-34). Plaintiff contends that PMAC, in contravention of its obligations pursuant to the Loan Agreement and Seller's Guide, "refused or otherwise failed to repurchase the Loans and/or indemnify [Plaintiff] for losses related thereto." (*Id.* at ¶ 38). Based on these allegations, Plaintiff asserts two claims for relief against PMAC: (1) breach of contract; and (2) breach of express warranty. Plaintiff filed its Complaint on December 13, 2013.

PMAC seeks dismissal of the Complaint pursuant to Fed. R. Civ. P. 12(b)(6) on the basis of the statute of limitations, as Plaintiff has sat on its claims for many years. The Loan Agreement dates back to 2004 and 2005, and the Cubenas and Labiano Loans were sold to Plaintiff in 2005 and 2007. Plaintiff's claims accrued at the time it reviewed and purchased the Cubenas and Labiano Loans containing the alleged misrepresentations. Thus, Plaintiff's claims arising from the Labiano loan accrued on December 20, 2005, and its claims arising from the Cubenas loan accrued on July 1, 2007. Under either the New York, Delaware, or Colorado statutes of limitations, which

are six, three and three years respectively, Plaintiff's claims are time barred and must be dismissed.

## FACTUAL ALLEGATIONS

A Rule 12(b)(6) motion to dismiss tests "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994). "[T]o withstand a motion to dismiss, a complaint must have enough allegations of fact, taken as true, 'to state a claim for relief that is plausible on its face.'" *Kansas Penn Gaming, LLC v. Collins,* 656 F.3d 1210, 1214 (10th Cir. 2011) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Attaching documents to a motion to dismiss does not automatically convert the motion to one for summary judgment. *E.g.*, *Burnett v. Mortgage Elec. Registration Sys.*, 706 F.3d 1231, 1234 n.1 (10th Cir. 2013) (citations omitted). The Court may consider documents other than the Complaint in adjudicating a motion to dismiss if the documents are central to a plaintiff's claim and referred to in the Complaint. *Id.* The following factual allegations are accepted as true only for purposes of this Motion to Dismiss and are taken from Plaintiff's Complaint, the Exhibits thereto, and the Cubenas and Labiano loan documents central to Plaintiff's claims and referred to in the Complaint:

1. Plaintiff is a Delaware corporation with its principal place of business in New York, New York. (Compl., Doc. 1 at ¶ 2).

2. PMAC is a California corporation with its principal place of business in Chino Hills, California. (*Id.* at ¶ 3).

3

3. PMAC sold loans to Plaintiff pursuant to a Loan Agreement and Seller's Guide dated January 22, 2004 and September 1, 2005.[1] (*Id.* at ¶¶ 14-15, 18).

4. The Loan Agreement contains a "Governing Law" provision stating that it and the Seller's Guide "shall be construed in accordance with the laws of the State of New York . . ." (Ex. 1 to Compl., Doc. 1-1 at pp. 2, 5, 10 (Section 8)).

5. Likewise, Section 713.1 of the Seller's Guide states that the Loan Agreement "shall be construed in accordance with the substantive law of the State of New York . . . ." (Ex. 2 to Compl., Doc. 1-2 at p. 23).

6. Aurora Loan Services, LLC is a subsidiary of Plaintiff and oversaw Plaintiff and PMAC's business relationship. (Compl., Doc. 1 at ¶ 9).

7. Plaintiff's allegations arise from two specific loans: Aurora Loan No. ******8908 to Gervacio Cubenas for property located at 950 South Acacia Lane, Rialto, California; and Aurora Loan No. ******3297 to Bernardino Labiano for property located at 230 East Flamingo Road 309, Las Vegas, Nevada, 89109. (*Id.* at ¶ 18).

8. On December 12, 2005, PMAC provided notice to Bernardino Labiano regarding the transfer sale of his loan to Aurora Loan Services, Inc.[2] (Labiano Loan Documents, Exhibit A at Labiano0008).[3]

---

[1] Plaintiff attached the Loan Agreement and Seller's Guide to its Complaint and incorporates by reference portions of these documents therein. (*See* Exs. 1 and 2 to Compl., Doc. 1). Accordingly, this Court may consider the Loan Agreement and Seller's Guide without converting this Motion to Dismiss to a motion for summary judgment. *Tal v. Hogan*, 453 F.3d 1244, 1264 n.24 (10th Cir. 2006) ("Exhibits attached to a complaint are properly treated as part of the pleadings for purposes of ruling on a motion to dismiss.").

[2] Aurora Loan Services, Inc. and Aurora Loan Services, LLC are the same entity with the same business identification number according to Colorado Secretary of State records. (*See* Record, Exhibit C). This Court may take judicial notice of publically available records in its adjudication of this Motion to Dismiss. *Tal*, 453 F.3d at 1264 n.24 (the Court may "take judicial notice of . . .

4

9. By letter dated December 20, 2005, Aurora Loan Services, on behalf of Plaintiff, informed PMAC that it had "completed review of the purchase file" for the Labiano loan. (*Id.* at Labiano0009).

10. Regarding the Cubenas loan, on May 25, 2007 Gervacio Cubenas signed a Notice of Assignment, Sale or Transfer of Servicing Rights acknowledging that his loan had been sold to Plaintiff effective July 1, 2007. (Cubenas Loan Documents, Exhibit B at Cubenas0008).

11. Aurora Loan Services confirmed the sale of the Cubenas loan with a letter to Gervacio Cubenas dated June 5, 2007 and to Farmers Insurance regarding the Cubenas property on the same date. (*Id.* at Cubenas0009-10).

## LEGAL ARGUMENT

### A. THIS ACTION IS BARRED BY THE COLORADO STATUTE OF LIMITATIONS

"A federal court hearing a diversity action applies the statute of limitations which would be applied by a court of the forum state, even when the action is brought under the law of a different state." *Dow Chemical Corp. v. Weevil-Cide Co.*, 897 F.2d 481, 483-84 (10th Cir. 1990) (internal citations omitted). This is so because "[c]hoice of law provisions in contracts are generally understood to incorporate only substantive law, not

---

facts which are a matter of public record," and "facts subject to judicial notice may be considered in a Rule 12(b)(6) motion without converting the motion to dismiss into a motion for summary judgment").

[3] Plaintiff specifically refers to the Cubenas and Labiano loans in its Complaint. (Compl., Doc. 1 at ¶ 18). The Cubenas and Labiano Loans are central to Plaintiff's claims: Plaintiff alleges it "discovered material problems with the Loans" and found that PMAC had allegedly breached certain provisions of the Loan Agreement and Seller's Guide with regard to these loans. (*Id.* at ¶¶ 25-27). Accordingly, this Court may consider the loan documents memorializing the Cubenas and Labiano Loans without converting this Motion to Dismiss to a motion for summary judgment. *Burnett*, 706 F.3d at 1234 n.1.

5

procedural law such as statutes of limitation." *Federal Deposit Ins. Co. v. Petersen*, 770 F.2d 141, 142-43 (10th Cir. 1985) (citation omitted). "Absent an express statement of intent, a standard choice of law provision . . . will not be interpreted as covering a statute of limitations." *Id.*

In Colorado, breach of contract and breach of express warranty claims are subject to a three-year statute of limitations. Colo. Rev. Stat. § 13-80-101(a); *see also Hersh Cos. v. Highline Village. Assocs.*, 30 P.3d 221, 226 (Colo. 2001). "A cause of action for breach of any express or implied contract, agreement, warranty, or trust shall be considered to accrue on the date the breach is discovered or should have been discovered by the exercise of reasonable diligence." Colo. Rev. Stat. § 13-80-108(6).

As set forth above, the Loan Agreement and Seller's Guide state that the documents are governed by New York law. Similar to the choice of law provision at issue in *Petersen*, the choice of law provisions set forth in the Loan Agreement and Seller's Guide do not contain an express statement that New York law applies to procedural matters such as the statute of limitations. Even more compelling is the language in the Seller's Guide which explicitly states New York law governs "substantive" constructions of the contract, implicitly excluding procedural concerns. Thus, in light of well-settled Tenth Circuit case precedent, the governing law provision is inapplicable to the matter at hand. Colorado is the forum state, chosen by Plaintiff, and Colorado law provides the applicable three-year statute of limitations.

Plaintiff's claims arise from alleged misrepresentations in the Cubenas and Labiano Loans. (Compl., Doc. 1 at ¶ 25). Plaintiff reviewed and purchased the Labiano

loan no later than December 20, 2005, and the Cubenas loan no later than July 1, 2007. (Factual Allegations, *supra*, at ¶¶ 8-11). Thus, through the exercise of reasonable diligence in its review, Plaintiff knew or should have known of the facts giving rise to its claims no later than those dates. *Colburn v. Kopit*, 59 P.3d 295, 297 (Colo. App. 2002) ("The plaintiff need only know or have reason to know the facts that underlie or are essential to the cause of action, but need not know the precise legal theory upon which the action may be brought.").

Plaintiff's claims as to the Labiano loan accrued on December 20, 2005, and the statute of limitations expired as to this claim on December 20, 2008. Colo. Rev. Stat. §§ 13-80-101(a); 13-80-108(6). Plaintiff's claims as to the Cubenas loan accrued on July 1, 2007, and the statute of limitations expired as to this claim on July 1, 2010. *Id.* Plaintiff filed this proceeding more than three years after the latter of the two dates. (*See* Compl., Doc. 1 (filed Dec. 13, 2013)). Accordingly, Plaintiff's claims are untimely and must be dismissed with prejudice. *E.g.*, *Gee v. Pacheco*, 627 F.3d 1178, 1181 (10th Cir. 2010) (affirming dismissal with prejudice of claims as barred by statute of limitations); *Torrez v. Edwards*, 107 P.3d 1110, 1111-12 (Colo. App. 2004) (affirming dismissal of action with prejudice on the basis of the statute of limitations).

**B. IN THE ALTERNATIVE, THIS ACTION IS BARRED BY NEW YORK LAW UNDER EITHER THE NEW YORK OR DELAWARE STATUTES OF LIMITATIONS**

If the Court rejects the above-stated analysis as to the application of the Colorado statute of limitations, Plaintiff's claims are nevertheless barred by the New York and Delaware statutes of limitations. Pursuant to New York Civil Practice Law and Rules § 202, "[w]hen a nonresident sues on a cause of action accruing outside New

York," the cause of action must be timely filed under both the New York limitations period and the limitations period of "the jurisdiction where the cause of action accrued." *Global Fin. Corp. v. Triarc Corp.*, 715 N.E.2d 482, 484 (N.Y. 1999). "When an alleged injury is purely economic" as to a corporate plaintiff, the claim accrues in the corporate plaintiff's state of incorporation or its principal place of business. *Oxbow Calcining USA Inc. v. American Indus. Partners*, 948 N.Y.S.2d 24, 30 (N.Y. App. Div. 2012).

Plaintiff alleges it is a Delaware corporation with its principal place of business in New York. (Compl., Doc. 1 at ¶ 2). Under either Delaware or New York law, Plaintiff's claims are time-barred.

Delaware law requires that a breach of contract claim be brought within three years of the time of the alleged breach. *In re Marvel Entm't Group, Inc.*, 273 B.R. 58, 80 (D. Del. 2002) (citing 10 Del. C. § 8106). As set forth above, Plaintiff alleges PMAC breached the Loan Agreement and Seller's Guide through misrepresentations made in the Labiano and Cubenas Loans. (Compl., Doc. 1 at ¶ 25). Plaintiff reviewed and purchased the Labiano loan no later than December 20, 2005, and the Cubenas loan no later than July 1, 2007, which is the time of the alleged breach. (Factual Allegations, *supra*, at ¶¶ 8-11). Thus, just as in Colorado, the statute of limitations on these claims expired in 2008 and 2010, well before this lawsuit was commenced at the end of 2013.

New York allows a six-year statute of limitations for "an action upon a contractual obligation or liability, express or implied." N.Y. CPLR LAW § 213(2). "In New York, a breach of contract cause of action accrues at the time of the breach." *Ely-Cruikshank Co. v. Bank of Montreal*, 615 N.E.2d 985, 986 (N.Y. 1993). In cases concerning the

sale of mortgage loans, New York courts have recently concluded that lawsuits based on alleged breaches arising from the sale of mortgage loans accrue at the time of the sale. *Lehman XS Trust, Series 2006-4N v. GreenPoint Mortg. Funding*, No. 13 Civ. 4704 (SAS), 2014 U.S. Dist. LEXIS 3477, at *9-11 (S.D.N.Y. Jan. 10, 2014); *ACE Sec. Corp. v. DB Structured Prods., Inc.*, 2013 N.Y. App. Div. LEXIS 8429, at *1 (N.Y. App. Div. Dec. 19, 2013).

Plaintiff reviewed and purchased the Labiano loan no later than December 20, 2005, and the Cubenas loan no later than July 1, 2007. (Factual Allegations, *supra*, at ¶¶ 8-11). These claims accrued on those dates of sale pursuant to New York law. Under a six-year statute of limitations, the time to file these claims expired on December 20, 2011 and July 1, 2013 respectively. Plaintiff did not file this lawsuit until December 13, 2013, thus its claims are time-barred and must be dismissed.

## CONCLUSION

As set forth above, Plaintiff's claims are barred by the statutes of limitations under Colorado, Delaware, and New York law. Accordingly, for the foregoing reasons and on the authorities cited, PMAC Lending Services, Inc. requests that the Complaint be dismissed with prejudice.

DATED this the 27th day of January, 2014.

        /s/ Nicole C. Salamander Irby
Tamara A. Hoffbuhr Seelman, Esq.
Nicole C. Salamander Irby, Esq.
Gordon & Rees LLP
555 Seventeenth Street, Suite 3400
Denver, Colorado 80202
Telephone: (303) 534-5160
tseelman@gordonrees.com;
nsalamanderirby@gordonrees.com
*ATTORNEYS FOR DEFENDANT*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the above and foregoing was electronically filed with the Clerk of the United States District Court using the CM/ECF system which will send notification to all counsel referenced below, this 27th day of January, 2014 addressed to:

Christopher P. Carrington
Foster Graham Milstein & Calisher, LLP
360 South Garfield St., 6th Floor
Denver, CO 80209
Telephone: 303.333.9810
*ATTORNEYS FOR PLAINTIFF*

        /s/ Nicole C. Salamander Irby
Tamara A. Hoffbuhr Seelman, Esq.
Nicole C. Salamander Irby, Esq.
Gordon & Rees LLP
555 Seventeenth Street, Suite 3400
Denver, Colorado 80202
Telephone: (303) 534-5160
tseelman@gordonrees.com;
nsalamanderirby@gordonrees.com
*ATTORNEYS FOR DEFENDANT*