UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 1:13-cv-03373-RM-KLM

LEHMAN BROTHERS HOLDINGS, INC.,

    Plaintiff,

v.

PMAC LENDING SERVICES, INC, f/k/a PREFERRED MORTGAGE ALLIANCE CORP.,

    Defendant.

---

### STIPULATED PROTECTIVE ORDER

---

The Court finds that documents to be exchanged in this matter may include information constituting or containing financial or other business or trade secret information of a proprietary, confidential, or commercially sensitive nature as to both parties, as well as that which may be potentially invasive of nonparties' legitimate privacy interests. Upon this showing of good cause in support of the entry of a protective order to protect the discovery and dissemination of confidential and private information that may be utilized and sought in this case, IT IS ORDERED:

1. This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2. As used in this Protective Order, "document" is defined as provided in Fed. R. Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3. Information designated "CONFIDENTIAL" shall be information that contains confidential or private information, which is not available to the public, including but not limited to, personal identifying information of nonparties on loan documents, and confidential or proprietary information regarding the business practices of the parties. CONFIDENTIAL information shall not be disclosed or used for any purpose except the preparation and trial of this case.

4. CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall not, without the consent of the party producing it or further Order of the Court, be disclosed except that it may be disclosed to:

(a) attorneys actively working on this case;

(b) persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

(c) the designated representatives of the entity parties;

(d) expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

(e) the Court and its employees ("Court Personnel");

(f) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

(g) deponents, witnesses, or potential witnesses; and

(h) other persons by written agreement of the parties.

5. Prior to disclosing any CONFIDENTIAL information to any person listed above (other than counsel, persons employed by counsel, Court Personnel and stenographic reporters, and other persons by written agreement of the parties), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment in the form attached as Exhibit A to this Protective Order stating that he or she has read this Protective Order and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to in camera review by the Court if good cause for review is demonstrated by opposing counsel.

6. Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL." Unless otherwise agreed between the parties or otherwise permitted under this Order, the identification and designation of CONFIDENTIAL information shall be made at the time when the information is produced.

7. Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

8. All papers, documents and transcripts containing or revealing the substance of CONFIDENTIAL information shall be filed in accordance with D.C.COLO.LCivR 7.2, and therefore shall be filed as restricted Level 1 documents and shall be filed with a Motion to Restrict Access. It shall be the responsibility of the Party that designated the CONFIDENTIAL information to file the Motion to Restrict Access required by Local Rule 7.2.

9. If, through inadvertence, a party provides any material containing CONFIDENTIAL information without designating the material as such, whether by document production or deposition testimony, the party may subsequently inform the receiving party in writing of the CONFIDENTIAL information status of the material and designate it as CONFIDENTIAL. The parties shall thereafter treat the disclosed material as CONFIDENTIAL information in accordance with the written notification of the inadvertent disclosure. The parties shall take reasonable steps to advise persons to whom disclosure was made prior to receipt of a CONFIDENTIAL information designation of such designation and of this Order. Any documents which are subject to the attorney-client privilege or work product protection that are inadvertently disclosed shall immediately be returned to the producing party and any copies or summaries of, or notes relating to, any such inadvertently or mistakenly produced information shall be destroyed. Any such inadvertent disclosure, whether as part of a voluminous document review or otherwise, shall not be construed as a waiver of the attorney-client privilege or work product doctrine.

10. A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to make [file] an appropriate motion pursuant to MJ Mix's discovery procedures [requesting] that the Court determine whether the disputed information should be subject to the terms of this Protective Order or otherwise request Court intervention in the manner prescribed by the Court. If such a motion is timely made [filed] or request is timely made, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion or resolves the request. If the designating party fails to make [file] such a motion or make such a request within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion or request submitted under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

11. At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL shall be returned to the party that designated it CONFIDENTIAL, or the parties may elect to destroy CONFIDENTIAL documents. Where the parties agree to destroy CONFIDENTIAL documents, the destroying party shall provide all parties with

an affidavit confirming the destruction within sixty (60) days of the conclusion of the case.

12. Without separate court order, this Protective Order is not intended to, and shall not be interpreted to change, amend, or circumvent any court rule or local rule.

13. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

Dated this 29th day of April, 2014.

BY THE COURT:

_____
U.S. Magistrate Judge

Stipulated by the parties:

/s/ Michael J. Gates
Michael J. Gates, Esq.
Christopher P. Carrington, Esq.
Foster Graham Milstein & Calisher, LLP
360 South Garfield St., 6th Floor
Denver, CO 80209
Telephone: 303.333.9810
ATTORNEYS FOR PLAINTIFF


/s/ Nicole C. Salamander Irby
Tamara A. Hoffbuhr Seelman, Esq.
Nicole C. Salamander Irby, Esq.
Gordon & Rees LLP
555 Seventeenth Street, Suite 3400
Denver, Colorado 80202
Telephone: (303) 534-5160
ATTORNEYS FOR DEFENDANT

6

**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 1:13-cv-03373-RM-KLM

LEHMAN BROTHERS HOLDINGS, INC.,

    Plaintiff,

v.

PMAC LENDING SERVICES, INC, f/k/a PREFERRED MORTGAGE ALLIANCE CORP.,

    Defendant.

**ACKNOWLEDGEMENT OF RECEIPT OF CONFIDENTIAL MATERIAL**

    I, _____, declare under the penalty of perjury, that:

    (a)    My present residential address is _____;

    (b)    My present employer is _____ and the address of my present employer is _____ _____;

    (c)    My present occupation or job description is _____;

    (d)    I have received and carefully read the Protective Order dated _____, and understand its provisions. Specifically, I understand that I am obligated, under the Order of the Court, to hold in confidence and not to disclose the contents of anything marked "CONFIDENTIAL" except as permitted under the terms of this Protective Order. I will use the Confidential information solely for purposes relating to the above-captioned

litigation. I will never use said information, directly or indirectly, in competition with the Designating Party nor will I permit others to do so. In addition to the foregoing, I understand that I must abide by all of the provisions of the Protective Order.

(e) At the termination of this Action or at any time requested by counsel, I will return to counsel for the party by whom I am employed, all documents and other materials, including notes, computer data, summaries, abstracts, or any other materials containing or reflecting Confidential information, which have come into my possession, and will return all documents or things I have prepared relating to or reflecting such information.

(f) I understand that I am subject to the jurisdiction of this Court for the purposes of enforcing this Order, and I further understand that if I violate the provisions of the Protective Order, I will be in violation of a Court Order and subject to sanctions or other remedies that may be imposed by the Court and potentially liable in a civil action for damages by the Designating Party.

I declare under the penalty of perjury of the laws of the United States that the foregoing is true and correct.

Date: _____

Printed: _____

Declarant: _____